# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Justin Schoonmaker, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>- against -<br><br>Cape Cod Potato Chip Company, LLC,<br>Defendant | Case No. 7:21-cv-01224<br><br>Class Action Complaint<br><br>Jury Trial Demanded |

Plaintiff alleges upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1.  Cape Cod Potato Chip Company, LLC ("defendant") manufactures, distributes, markets, labels and sells kettle cooked potato chips purporting get their "Sea Salt & Vinegar" taste only from salt and vinegar, and not containing artificial flavors, either through the statement of "No Artificial Flavors, Colors or Preservatives" (left) or the absence of any artificial flavoring statement (right) ("Product").

 

2. Though the Product contains actual vinegar and apple cider vinegar, it is an amount too small to flavor the Product.

3. Instead, the taste is from malic acid, an artificial flavoring agent in the Product.

4. Defendant was required by federal and state law to disclose that the Product's characterizing sea salt and vinegar taste is not exclusively from these ingredients, but from artificial flavors.[1] 21 C.F.R. § 101.22(i) (requiring front label statements as to whether flavor is from the characterizing ingredient, natural flavor derived from the ingredient, natural flavor from natural sources other than the ingredient or artificial sources).

5. Consumers are willing to pay more for products without added flavors, because this means the flavor comes from actual ingredients.

6. Even natural flavors, which are the "essential oil, oleoresin, essence or extractive" from a natural source material and made through a natural process, such as distillation, roasting,

---

[1] New York has adopted and incorporated all provisions of the Federal Food, Drug and Cosmetic Act ("FFDCA") through the Agriculture and Markets Law ("AGM") and accompanying regulations. See Title 1, Official Compilation of Codes, Rules and Regulations of the State of New York ("NYCRR"), 1 NYCRR § 259.1.

heating, enzymolysis or fermentation, are increasingly disfavored, because their components are unknown to consumers. 21 C.F.R. § 101.22(a)(3).

7. Artificial flavor is defined as any flavoring from a synthetic source or made through an artificial process. 21 C.F.R. § 101.22(a)(1).

8. Artificial flavors are the lowest-valued flavor source, behind natural flavors and ingredients.

9. At least seven out of ten consumers avoid artificial flavors because they believe the synthetic ingredients are associated with detrimental health effects. [2]

10. Because the Product contains artificial flavor that "simulates, resembles or reinforces the characterizing flavor," federal and state law require the front label to state, "Artificially Flavored." 21 C.F.R. § 101.22(c); 21 C.F.R. § 101.22(i)(2).

11. Analytical testing and/or analysis of the Product revealed it contains the added artificial flavors of dl-malic acid and citric acid.

12. There are two types of malic acid.

13. The first type, found in fruits and vegetables, is l-malic acid.

14. The second type d-l-malic acid, is a synthetic industrial chemical.

15. D-1-malic acid is a racemic mixture of d- and I-isomers.

16. This d-l-malic acid is manufactured in petrochemical plants from benzene or butane-components of gasoline and lighter fluid, through a series of chemical reactions, which involve toxic chemical precursors and byproducts.

17. The artificial sources and artificial process used to create this ingredient mean it is

---

[2] Alex Smolokoff, Natural color and flavor trends in food and beverage, Natural Products Insider, Oct. 11, 2019; Thea Bourianne, Exploring today's top ingredient trends and how they fit into our health-conscious world, March 26-28, 2018; Nancy Gagliardi, Consumers Want Healthy Foods – And Will Pay More For Them, Forbes, Feb 18, 2015.

an artificial flavor. 21 C.F.R. § 101.22(a)(1).

18. According to suppliers of d-1-malic acid, it is used to provide the Product's tart and "persistently sour" vinegar taste.

19. Although the malic acid in the Product is the artificial version – d-1-malic acid – Defendant pretends otherwise, conflating the natural and artificial flavorings, misbranding the Product, and deceiving consumers.

20. The Product's ingredient list violates federal and state law because it misleadingly identifies the added dl-malic acid only as the generic "malic acid" instead of using the specific, non-generic name of the ingredient. See 21 C.F.R. § 101.4(b)(1).

**INGREDIENTS:** Potatoes, Vegetable Oil (Contains One or More of the Following: Canola Oil, Safflower Oil, and/or Sunflower Oil), Maltodextrin, Salt, Vinegar Powder, Malic Acid, Citric Acid, Dextrose, Acetic Acid, Sugar, Apple Cider Vinegar Powder.

21. Even if reasonable consumers were to investigate the "No Artificial Flavors" statement (or if the Product simply lacked this statement) by scrutinizing the ingredient statement on the back, consumers would still be unaware that the Product contained artificial flavors.

22. Since there are natural and artificial types of malic acid, Defendant is required under law to identify the type of malic acid it includes in the Product.

23. The malic acid and citric acid that Defendant adds to the Product are artificial flavoring agents and function as artificial flavors in the Product.

24. Defendant misrepresented the Product through affirmative statements, half-truths,

4

and omissions.

25. Defendant sold more of the Product and at a higher price than it would have in absence of this misconduct, resulting in additional profits at the expense of consumers.

26. Had plaintiff and the proposed class members known the truth, they would not have bought the Product or would have paid less for it.

27. As a result of the false and misleading representations, the Product is sold at a premium price, approximately no less than no less than $1.99 for bags of 1.5 OZ, excluding tax, compared to other similar products represented in a non-misleading way, and higher than it would be sold for absent the misleading representations.

## Delayed Discovery

28. Plaintiff and consumers would not have been able to discover Defendant's deceptive practices and lacked the means to discover them given that, like nearly all consumers, they rely on and are entitled to rely on the manufacturer's obligation to label its products in compliance with federal regulations and state law.

29. Furthermore, Defendant's labeling practices and nondisclosures impeded Plaintiff's abilities to discover the deceptive and unlawful labeling throughout the Class Period.

## Jurisdiction and Venue

30. Jurisdiction is proper pursuant to Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

31. Under CAFA, district courts have original federal jurisdiction over class actions involving (1) an aggregate amount in controversy of at least $5,000,000; and (2) minimal diversity.

32. Plaintiff Justin Schoonmaker is a citizen of New York.

33. Defendant Cape Cod Potato Chip Company, LLC is a Massachusetts limited liability

company with a principal place of business in Hyannis, Barnstable County, Massachusetts.

34. Diversity exists because plaintiff Justin Schoonmaker and at least one of Defendant's members are citizens of different states.

35. Upon information and belief, sales of the Product and any available statutory and other monetary damages, exceed $5 million during the applicable statutes of limitations, exclusive of interest and costs.

36. Venue is proper because a substantial part of the events or omissions giving rise to the claim occurred here – plaintiff's purchase of the Product.

37. Venue is further supported because many class members reside in this District.

### Parties

38. Plaintiff Justin Schoonmaker is a citizen of Red Hook, Dutchess County, New York.

39. Defendant Cape Cod Potato Chip Company, LLC is a Massachusetts limited liability company with a principal place of business in Hyannis, Massachusetts, Barnstable County and upon information and belief, at least one member of defendant is not a citizen of the same state as the plaintiff.

40. Defendant is an established maker of potato chips, well-known for its traditional kettle process, which results in a uniquely crispy chip.

41. The Product is sold to consumers from retail and online stores of third-parties across the country.

42. Plaintiff bought the Product on one or more occasions within the statute of limitations for each cause of action alleged, from one or more locations, including between January 31, 2021 and February 7, 2021, from Hannaford Supermarket, 35 Hannaford Dr, Red Hook, NY 12571.

43. Plaintiff bought the Product at or exceeding the above-referenced price because he wanted to buy a product with the qualities and attributes represented herein and relied upon what

6

the label indicated or omitted.

44. Plaintiff would not have purchased the Product in the absence of Defendant's misrepresentations and omissions.

45. The Product was worth less than what Plaintiff paid and he would not have paid as much absent Defendant's false and misleading statements and omissions.

46. Plaintiff intends to, seeks to, and will purchase the Product again when he can do so with the assurance that Product's labeling is consistent with its composition.

## Class Allegations

47. The class will consist of all purchasers of the Product who reside in New York, Connecticut, Delaware, Rhode Island and Maryland during the applicable statutes of limitations.

48. Plaintiff seeks class-wide injunctive relief based on Rule 23(b) in addition to a monetary relief class.

49. Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if plaintiff and class members are entitled to damages.

50. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

51. Plaintiff is an adequate representative because his interests do not conflict with other members.

52. No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

53. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

54. Plaintiff's counsel is competent and experienced in complex class action litigation

and intends to protect class members' interests adequately and fairly.

55. Plaintiff seeks class-wide injunctive relief because the practices continue.

New York General Business Law ("GBL") §§ 349 & 350
(Consumer Protection Statutes)

56. Plaintiff incorporates by reference all preceding paragraphs.

57. Plaintiff and class members desired to purchase a product described and identified by Defendant – flavored only by salt and vinegar and not containing artificial flavor.

58. Defendant's acts and omissions are not unique to the parties and have a broader impact on the public.

59. Defendant misrepresented the Product through its statements, omissions, ambiguities, half-truths and/or actions.

60. Defendant intended that Plaintiff and the Class rely upon Defendant's deceptive conduct, and a reasonable person would in fact be misled by this deceptive conduct.

61. Defendant knew or should have known that its representations about the Product's flavoring source were material and likely to mislead consumers.

62. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Breaches of Express Warranty, Implied Warranty of Merchantability
and Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*

63. Plaintiff incorporates by reference all preceding paragraphs.

64. The Product was manufactured, labeled and sold by defendant and warranted to plaintiff and class members that it possessed substantive, functional, nutritional, qualitative, compositional, organoleptic, sensory, physical and health-related attributes which it did not.

65. The amount and proportion of the characterizing component, vinegar, and presence

of artificial flavors, has a material bearing on price or consumer acceptance of the Product because consumers are willing to pay more for such components.

66. Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

67. This duty is based on Defendant's outsized role in the market for this type of Product.

68. Plaintiff provided or will provide notice to defendant, its agents, representatives, retailers and their employees.

69. Defendant received notice and should have been aware of these misrepresentations due to numerous complaints by consumers to its main office over the past several years regarding the Product.

70. The Product did not conform to its affirmations of fact and promises due to defendant's actions and were not merchantable.

71. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

### Negligent Misrepresentation

72. Plaintiff incorporates by reference all preceding paragraphs.

73. Defendant had a duty to truthfully represent the Product, which it breached.

74. This duty is based on defendant's position, holding itself out as having special knowledge and experience in the sale of the product type.

75. The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in defendant, a well-known and respected brand or entity in this sector.

76. Plaintiff and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the

Product.

77.     Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

### Fraud

78.     Plaintiff incorporates by reference all preceding paragraphs.

79.     Defendant misrepresented and/or omitted the attributes and qualities of the Product.

80.     Defendant's fraudulent intent is evinced by its failure to accurately disclose the issues described herein, when it knew not doing so would mislead consumers.

81.     Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

### Unjust Enrichment

82.     Plaintiff incorporates by reference all preceding paragraphs.

83.     Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

### Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

   **WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;
2. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;
3. Injunctive relief to remove, correct and/or refrain from the challenged practices and

representations, and restitution and disgorgement for members of the class pursuant to the applicable laws;

4. Awarding monetary damages, statutory damages pursuant to any statutory claims and interest pursuant to the common law and other statutory claims;

5. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

6. Other and further relief as the Court deems just and proper.

Dated:   February 11, 2021

                Respectfully submitted,

                Sheehan & Associates, P.C.
                /s/Spencer Sheehan
                Spencer Sheehan
                60 Cutter Mill Rd Ste 409
                Great Neck NY 11021-3104
                Tel: (516) 268-7080
                Fax: (516) 234-7800
                spencer@spencersheehan.com

7:21-cv-01224
United States District Court
Southern District of New York

Justin Schoonmaker, individually and on behalf of all others similarly situated,

Plaintiff,

- against -

Cape Cod Potato Chip Company, LLC,

Defendant

## Class Action Complaint

```
Sheehan & Associates, P.C.
 60 Cutter Mill Rd Ste 409
  Great Neck NY 11021-3104
     Tel: (516) 268-7080
     Fax: (516) 234-7800
```

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated: February 11, 2021

                                                             /s/ Spencer Sheehan
                                                              Spencer Sheehan